Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
525 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 231-7595

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-07635-LA7 |
| DAVID GILBERT RONQUILLO AND ELIZABETH BANUELOS RONQUILLO, | |
| Debtors. | Adversary No. |
| | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, OBJECTION TO CLAIMS AND DECLARATORY RELIEF** |
| GERALD H. DAVIS, TRUSTEE, | |
| Plaintiff, | [11 U.S.C. §§ 502, 544, 548, and 550] |
| v. | |
| JOHN KENNEDY BALDWIN, an individual; LEGION COUNSEL, LLP, an entity of unknown form and origin; MARK A. BUSH, an individual; RONQUILLO & CORRALES, LLP, a California limited liability partnership; and DOES 1 through 50; | Dept: Two
Honorable Louise DeCarl Adler |
| Defendants. | |

-1-
COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFERS

Plaintiff, Gerald H. Davis, Chapter 7 trustee of the above-captioned bankruptcy estate, for causes of action against defendants, and each of them, alleges as follows:

## JURISDICTION

1. Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 157(b) and 1334, and General Order 312-D of the United States District Court, Southern District of California.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H) and (O).

## VENUE

2. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409 because the claims for relief presented herein arise from the underlying bankruptcy case of <u>In re David Gilbert Ronquillo and Elizabeth Banuelos Ronquillo</u>, Case No. 08-07635-LA7.

3. Plaintiff is informed and believes and based thereon alleges that at all times relevant, debtors, David Gilbert Ronquillo and Elizabeth Banuelos Ronquillo, were individuals residing in the County of San Diego, State of California.

## PARTIES

4. Plaintiff, Gerald H. Davis, is the duly appointed and qualified Chapter 7 trustee of the bankruptcy estate of <u>David Gilbert Ronquillo and Elizabeth Banuelos Ronquillo</u>, Case No. 08-07635-LA7, pursuant to bankruptcy court order entered on August 11, 2008.

5. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, defendant, John Kennedy Baldwin, an individual, was an attorney licensed by the California State Bar, with his usual residence in the County of San Diego, State of California, and is, and was, doing business as Legion Counsel (hereinafter "Mr. Baldwin").

6. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, defendant, Legion Counsel, LLP, is a an entity of unknown form and origin, with its principal place of business in the County of San Diego, State of California (hereinafter "Legion Counsel"), and is solely owed and controlled by defendant, Mr. Baldwin.

///

///

7. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, defendant, Mark A. Bush, an individual, was an attorney licensed by the California State Bar, with his usual residence in the County of San Diego, State of California (hereinafter "Mr. Bush").

8. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, defendant, Ronquillo & Corrales, LLP, is a California limited liability partnership that was dissolved in approximately April 2007, with its principal place of business in the County of San Diego, State of California, and was solely owned and controlled by the debtor, Mr. Ronquillo (hereinafter "R&C").

9. The identities of DOES 1 through 50, inclusive, are unknown to plaintiff at this time. Plaintiff alleges that these fictitiously named defendants are responsible in some way for the harm suffered by him, and plaintiff shall amend this Complaint when the identities and actions of these fictitiously named defendants become known to him.

10. Plaintiff is informed and believes and thereon alleges that all defendants and DOES 1 through 50, and each of them, are the agent or employee of each of the other defendants, were acting in the scope of such agency or employment and with the permission and consent of their co-defendants, and each is responsible in some way for the damages suffered by plaintiff.

11. Plaintiff is informed and believes and based thereon alleges that R&C, was owned and controlled in whole, or in part, by debtor, Mr. Ronquillo. Plaintiff is informed and believes and based thereon alleges that Mr. Ronquillo, was in actual control of the business and affairs of R&C, and in particular was in control of all of the acts and omissions complained of herein. Upon information and belief, plaintiff alleges that R&C is, and at all relevant times were, the alter ego of Mr. Ronquillo and that there is a unity and identity of interest and adherence to the fiction of their separate existence would sanction fraud and promote injustice.

12. Plaintiff is informed and believes and based thereon alleges that as of January 2007, Mr. Baldwin had lent funds to R&C and/or Mr. Ronquillo, as evidenced by a promissory note, dated April 1, 2005, with a balance owed and unpaid in excess of $1,000,000.

///

13.     Plaintiff is informed and believes and based thereon alleges that as of January 2007, debtor, Mr. Ronquillo and his law firm, R&C, had initiated, litigated and expended a significant amount of legal services and costs in the matters described as (1) Kreutzer v. Metabolife, (2) Shirk v. Vista Unified School District, (3) the Fertility Cases, (4) Cates v. Westly, and (5) Cates Division of Gambling Control (hereinafter the "Ronquillo Cases"), and that a significant amount of fees and costs were owed to Mr. Ronquillo and R&C for services rendered and costs expended in said cases ("Unfinished Business").

14.     Plaintiff is informed and believes and based thereon alleges that on or about January 17, 2007, Mr. Ronquillo, R&C, Mr. Baldwin, and Mr. Bush, entered into an agreement entitled Resolution Agreement whereby the parties agreed to transfer the Ronquillo Cases and Unfinished Business to Mr. Baldwin and/or Legion Counsel and to disburse attorneys fees earned in said cases with Mr. Baldwin and/or Legion Counsel in a manner determined by Mr. Baldwin at his sole discretion (hereinafter the "Resolution Agreement").  Additionally, pursuant to the Resolution Agreement, all rights to recover costs incurred by Mr. Ronquillo and R&C were assigned to Mr. Baldwin and/or Legion Counsel.

15.     Plaintiff is informed and believes and based thereon alleges on March 23, 2009, Mr. Baldwin filed a Proof of Claim in the unsecured non-priority amount of $3,596,398, against the Ronquillo bankruptcy estate.

16.     To the extent the defendants have filed a proof of claim in the debtor's case or has otherwise requested payment from the debtor, the estate or the trustee (collectively "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of plaintiff's right to object to such Claims for any reason, including, but not limited to, Section 502 of the Bankruptcy Code, and such rights are expressly reserved.  Notwithstanding this reservation of rights, the plaintiff seeks certain relief under Section 502 of the Bankruptcy Code as set forth below.

17.     Plaintiff is informed and believes and thereon alleges that the debtor, Mr. Ronquillo, may have transferred other Funds to defendants which plaintiff has not yet been able to identify (the "Unidentified Transfers").  During the course of this adversary proceeding, plaintiff may learn (through discovery or otherwise) of now Unidentified Transfers made to

defendants. It is plaintiff's intention through this adversary proceeding to avoid and recover all transfers made to or for the benefit of defendants. Plaintiff reserves the right to amend this Complaint as to include further information regarding the fraudulent and/or preferential transfers, including information regarding any Unidentified Transfers.

### FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550(a), Calif. Civil Code, §3439, et seq.)**

18. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 17 of this Complaint.

19. Plaintiff is informed and believes and based thereon alleges that the defendants, and each of them, caused the above described transfers, of the debtor's right and entitlement to collect and/or receive funds for legal services rendered and costs incurred from the Ronquillo Cases and Unfinished Business, to the defendants in an unknown amount, through the execution of the Resolution Agreement on January 17, 2007, with the actual intent to hinder, delay, or defraud existing and future creditors of the debtor, Mr. Ronquillo.

20. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under the Bankruptcy Code and/or applicable law. The above-described Resolution Agreement, and transfers of the debtor's property thereunder, are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a) and/or 544(b) of the Bankruptcy Code and/or under applicable state law.

21. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, plaintiff seeks a judgment of this court avoiding the Resolution Agreement and the transfers of the debtor's right and entitlement to collect and/or receive funds for legal services rendered, and costs incurred, from the Ronquillo Cases and Unfinished Business.

22. Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the

bankruptcy estate the property transferred or the value of such property transferred, from the transferee, including all amounts owed to the debtor, Mr. Ronquillo, and/or R&C, for the Ronquillo Cases and Unfinished Business.

23. Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.  Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment preserving any and all transfers avoided under §§ 548 and/or 544 for the benefit of the estate.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550(a), Calif. Civil Code, §3439, et seq.)**

24. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 17 of this Complaint.

25. Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, caused the execution of the Resolution Agreement on or about January 17, 2008, and the above-described transfers of debtor's property thereunder, from the debtor, David Gilbert Ronquillo, to defendants.

26. Plaintiff is informed and believes and based thereon alleges that debtor, Mr. Ronquillo, received less than reasonably equivalent value in exchange for the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder.

27. Plaintiff is informed and believes and based thereon alleges that at the time of the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, the debtor was engaged, or was about to engage, in a business or a

transaction for which any property remaining with the debtor, Mr. Ronquillo, was an unreasonably small capital.

28. Plaintiff is informed and believes and based thereon alleges that at the time of the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, the debtor intended to incur, or believed that it would incur, debts beyond their ability to pay as they became due.

29. Plaintiff is informed and believes and based thereon alleges that the above-described Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits owed for Unfinished Business, constitute fraudulent transfers under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under relevant state law, California Civil Code §§ 3439, et seq., and therefore are avoidable by plaintiff.

30. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law. The above-described Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits owed for Unfinished Business, are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under applicable state law, California Civil Code §§ 3439, et seq.

31. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, and under relevant state law, California Civil Code §§ 3439, et seq., plaintiff seeks a judgment of this court avoiding the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits owed for Unfinished Business.

32. Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the

transferee, including all amounts owed to the debtor, Mr. Ronquillo, and/or R&C, for the Ronquillo Cases and Unfinished Business.

33. Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit. Pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment preserving any and all transfers avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., for the benefit of the estate.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers)**
**(11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550(a), Calif. Civil Code, §3439, et seq.)**

34. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 17 of this Complaint.

35. Plaintiff is informed and believes and based thereon alleges that defendants, and each of them, caused the execution of the Resolution Agreement on or about January 17, 2008, and the above-described transfers of debtor's property thereunder, from the debtor, David Gilbert Ronquillo, to defendants.

36. Plaintiff is informed and believes and based thereon alleges that debtor, Mr. Ronquillo, received less than reasonably equivalent value in exchange for the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder.

37. Plaintiff is informed and believes and based thereon alleges that at the time of the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, in that at the time of each of the above-described Identified Transfers, the debtor was insolvent, or became insolvent as a result of each of the Identified Transfers.

38. Plaintiff is informed and believes and based thereon alleges that the above-described Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits from Unfinished Business, constitute fraudulent transfers under §§ 548(a) and/or 544(b) of the Bankruptcy Code and under relevant state law, California Civil Code §§ 3439, et seq., and therefore are avoidable by plaintiff.

39. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law. The above-described Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits for Unfinished Business, are voidable in that they constitute fraudulent transfers of the debtor's property under §§ 548(a), and/or 544(b) of the Bankruptcy Code and under applicable state law, California Civil Code §§ 3439, et seq.

40. Pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code, and under relevant state law, California Civil Code §§ 3439, et seq., plaintiff seeks a judgment of this court avoiding the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including the Ronquillo Cases and profits from Unfinished Business.

41. Pursuant to § 550(a)(1) of the Bankruptcy Code, to the extent the above-described transfers are fraudulent transfers and/or are avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., the trustee may recover for the benefit of the bankruptcy estate the property transferred or the value of such property transferred, from the transferee, including all amounts owed to the debtor, Mr. Ronquillo, and/or R&C, for the Ronquillo Cases and Unfinished Business.

42. Pursuant to § 550(a) of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment of this court compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit. Pursuant to § 551

of the Bankruptcy Code, plaintiff, as the trustee of the debtor's bankruptcy estate, seeks a judgment preserving any and all transfers avoided under §§ 548 and/or 544, and under relevant state law, California Civil Code §§ 3439, et seq., for the benefit of the estate.

### FOURTH CLAIM FOR RELIEF
### (Disallowance of Claim(s))
### (11 U.S.C. § 502(d))

43.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 42 of this Complaint.

44.     Plaintiff is informed and believes and based thereon alleges that defendants are entities from which property is recoverable under 11 U.S.C., Section 550.

45.     Plaintiff is informed and believes and based thereon alleges that defendants are transferees of the fraudulent transfers which are avoidable under 11 U.S.C., Sections 544 and 548.

46.     Plaintiff is informed and believes and based thereon alleges that defendants have not paid the amount of the fraudulent transfers and/or preferences, or turned over such fraudulent transfers or preferences, to plaintiff for which defendants are liable under 11 U.S.C., Section 550, as set forth above.

47.     Any and all claims of defendant against this bankruptcy estate must be disallowed until such time defendants pay or turn over to plaintiff an amount equal to defendants' liability under 11 U.S.C., Section 550.

### FIFTH CLAIM FOR RELIEF
### (Declaratory Relief Against Defendants)

48.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47 of this Complaint.

49.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other hand, concerning their respective rights, duties and interests in the Ronquillo Cases and the Unfinished Business, in that Plaintiff contends that:

///

  (A) The profits the Defendants received pre-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

  (B) The profits the Defendants received post-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

  (C) The profits owed, but not yet collected as of this date, from completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

50. Defendants, and each of them, dispute these contentions of Plaintiff and contend as follows:

  (A) The profits the Defendants received pre-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, do not belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

  (B) The profits the Defendants received post-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, do not belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

  (C) The profits owed, but not yet collected as of this date, from completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, do not belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

51. Plaintiff desires a judicial determination of their rights, duties and interests in the Ronquillo Cases and Unfinished Business, and a declaration that:

(A) The profits the Defendants received pre-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

(B) The profits the Defendants received post-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

(C) The profits owed, but not yet collected as of this date, from completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

52. A judicial declaration is necessary and appropriate at this time under the circumstances in that Plaintiff must ascertain his rights, duties and interests as they relate to the above-described allegations.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

### **FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**:

1. For an order avoiding the Resolution Agreement executed on or about January 17, 2007, and the transfers of debtor's property thereunder, including but not limited to the Ronquillo Cases and Unfinished Business, pursuant to §§ 548(a) and/or 544(b) of the Bankruptcy Code;

2. For an order, pursuant to § 550(a) of the Bankruptcy Code, compelling each transferee to: (1) transfer and return the property or the value of said property to the plaintiff; (2) transfer and return the total amount collected and/or received from the debtor, and (3) to execute any and all documents necessary to effectuate the transfer of the property avoided under this lawsuit.

-12- COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFERS

1        3.      For an order, pursuant to § 551 of the Bankruptcy Code, plaintiff, as the trustee of
the debtor's bankruptcy estate, preserving any and all transfers avoided under §§ 548(a) and/or 544 for the benefit of the estate;

      4.      For costs of suit incurred herein; and

      5.      For such other and further relief as the court may deem necessary and proper.

### **FOURTH CLAIM FOR RELIEF**:

      1.      For a judgment disallowing any claims of defendants against this bankruptcy estate to the extent provided for under 11 U.S.C., Section 502(d); and

      2.      For such other and further relief as the court may deem necessary and proper.

### **FIFTH CLAIM FOR RELIEF**
(Declaratory Relief Against All Defendants)

      1.      For a declaration that:

      (A)      The profits the Defendants received pre-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

      (B)      The profits the Defendants received post-petition completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

      (C)      The profits owed, but not yet collected as of this date, from completing matters originating from R&C, including the Ronquillo Cases and Unfinished Business, belong to plaintiff and the Ronquillo bankruptcy estate under applicable California state law, including the Revised Uniform Partnership Act.

///
///

2. For damages in an uncertain amount, subject to further proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem necessary and proper.

NORTON MOORE & ADAMS
Limited Liability Partnership

Dated: August 10, 2010

By: /s/ Richard C. Norton
    Richard C. Norton
Attorneys for Gerald H. Davis, Chapter 7 Trustee